EXHIBIT A

| BOULDER COUNTY DISTRICT COURT<br>STATE OF COLORADO<br>1777 6th Street<br>Boulder, Colorado 80302<br>303-441-3750 | DATE FILED: May 6, 2021 4:31 PM<br>FILING ID: 74D85483D2BD9<br>CASE NUMBER: 2021CV30342 |
|---|---|
| **PLAINTIFF:**<br>**EDWARD HOLLISTER**<br><br>v.<br><br>**DEFENDANTS:**<br>**CHRISTOPHER R. VERSCHOOR;**<br>**NATIONWIDE AGRIBUSINESS INSURANCE COMPANY** | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Robert E. Caldwell, Jr., Esq., #47385<br>SAWAYA, ROSE, McCLURE & WILHITE, P.C.<br>1600 N Ogden Street<br>Denver, Colorado 80218<br>Phone Number: (303) 839-1650<br>FAX Number: (303) 832-7102<br>E-mail: rcaldwell@sawayalaw.com | Case No.<br><br>Div.<br><br><br>***JURY TRIAL REQUESTED*** |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Edward Hollister, by and through his attorneys, SAWAYA, ROSE, MCCLURE & WILHITE, P.C., files this Complaint against Defendants Christopher R. Verschoor and Nationwide Agribusiness Insurance Company and, as grounds, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At the time of the incidents alleged herein, Plaintiff was a resident of the State of Colorado.

2. At all relevant times, Defendant Nationwide Agribusiness Insurance Company ("Defendant Nationwide") was and is a foreign corporation in good standing and doing business in the State of Colorado.

3. Christopher R. Verschoor ("Defendant Verschoor") is an individual and nonresident of the State of Colorado.

4. Venue is proper in Boulder County pursuant to C.R.C.P. Rule 98(c) as Defendant Nationwide is a nonresident of the State of Colorado.

5. This Court has both personal and subject matter jurisdiction over this action.

1

## STATEMENT OF FACTS

6. Plaintiff incorporates by reference the statements and allegations contained in the above and below paragraphs.

7. On August 6, 2018 Plaintiff was operating a 2003 International tractor-trailer vehicle southbound on Interstate 25 in lane two, around mile point 252, Weld County, State of Colorado, near 4 p.m.

8. Around the same time and location, Defendant Verschoor was operating a 2006 Ford F-250 vehicle, towing a trailer, traveling southbound on Interstate 25 in lane one.

9. Defendant Verschoor attempted to merge his vehicle and trailer from lane one to lane two but did not allow enough room for his vehicle's trailer.

10. Defendant Verschoor's vehicle and trailer cut off Plaintiff's vehicle causing Plaintiff's vehicle to crash the left front driver's side of the vehicle into Defendant Verschoor's vehicle and/or vehicle's trailer's right side ("Incident").

11. Defendant Verschoor's vehicle collided with Plaintiff's vehicle at a high rate of speed.

12. Both vehicles left Interstate 25 and rolled before coming to a final rest.

13. Both vehicles rolled into a ditch on the right side of Interstate 25.

14. Defendant Verschoor's vehicle came to a final rest on its top facing northeast.

15. Plaintiff's vehicle came to a final rest on its wheels facing south.

16. Plaintiff's vehicle sustained extreme damage.

17. Defendant Verschoor was not paying attention when he collided his vehicle with Plaintiff's vehicle.

18. Upon information and belief, Defendant Verschoor did not have any experience operating a vehicle while towing a trailer.

19. It was the Colorado State Patrol's opinion that Defendant Verschoor drove carelessly.

20. As a result of the Incident, Plaintiff was injured.

21. As a direct and proximate result of the Incident described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to his injuries, lost wages, and loss of time.

22. As a direct and proximate result of Incident described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to his quality of life.

23. As a direct and proximate result of the Incident described above, Plaintiff suffers from lasting physical impairment.

24. As a result of Incident, Plaintiff underwent treatment.

25. Plaintiff's medical treatment was reasonable, necessary, and related to the Incident.

26. Plaintiff's medical bills incurred to date are over $32,000.

27. Plaintiff's past medical bills for the treatment as a result of the Incident mentioned herein are reasonable.

28. Defendant Verschoor is entirely responsible for the Incident.

29. At the time of the Incident, Defendant Verschoor was insured through Progressive Insurance with policy limit of $25,000 per person.

30. At the time of the Incident, Plaintiff was insured through Defendant Nationwide with an uninsured/underinsured motorist policy of $1,000,000 per person, policy CPP100023B.

31. Defendant Verschoor was and is underinsured pursuant to Defendant Nationwide's policy.

32. In the alternative to allegation 29, Defendant Verschoor was uninsured.

33. In the alternative to allegation 31, Defendant Verschoor was and is uninsured pursuant to Defendant Nationwide's policy.

### FIRST CLAIM FOR RELIEF
*Negligence against Defendant Verschoor*

34. Plaintiff incorporates by reference the statements and allegations contained in the above and below paragraphs.

35. Defendant Verschoor owed Plaintiff a duty to exercise a reasonable degree of care in the operation of his vehicle at the time of the Incident.

36. Defendant Verschoor breached his duty to Plaintiff because he did not exercise the aforementioned care in the operation of his vehicle at the time of the Incident.

37. As a direct and proximate result of the Incident, Plaintiff suffered damages.

38. As a direct and proximate result of Defendant Verschoor's negligent acts and omissions, Plaintiff incurred past and future medical and other health care and rehabilitation expenses related to injuries, lost wages, and loss of time.

39. As a direct and proximate result of Defendants' failure to exercise reasonable care, Plaintiff suffered non-economic damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, disfigurement, disabilities, mental anguish, physical impairments, and impairment to quality of life.

## SECOND CLAIM FOR RELIEF
*Negligence Per Se Against Defendant Verschoor*

40. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs.

41. When Defendants operated their vehicle in such a manner as to cause the Incident, Defendants violated several laws including, but not limited to:

    a. C.R.S. § 42-4-1402 (Careless Driving);
    b. C.R.S. § 42-4-1402(2)(b) (Careless Driving Causing Bodily Injury)
    c. C.R.S. § 42-4-1101(1), no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.

42. Plaintiff is a member of the class for whose protection the above-mentioned statutes were enacted.

43. The aforementioned conduct of Defendants constitutes negligence *per se*.

44. As a direct and proximate result of the Incident, Plaintiff suffered damages.

45. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff incurred past and future medical and other health care and rehabilitation expenses related to injuries, lost wages, and loss of time.

46. As a direct and proximate result of Defendants' failure to exercise reasonable care, Plaintiff suffered non-economic damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, disfigurement, disabilities, mental anguish, physical impairments, and impairment to quality of life.

**THIRD CLAIM FOR RELIEF**
*UIM Benefits Against Defendant Nationwide*

47. The above paragraphs are incorporated herein by reference.

48. The subject insurance policy through Defendant Nationwide was valid, in effect, and insured Plaintiff on the date of the collision.

49. The subject policy through Defendant Nationwide provided underinsured motorist coverage on the date of the Incident.

50. Pursuant to the policy, Defendant Nationwide is required to pay for all damages caused as a result of Incident in excess of the $25,000.00 policy limit amount from Progressive Insurance, up to Defendant Nationwide's policy limits.

51. Plaintiff has satisfied all conditions precedent under Defendant Nationwide's policies, and he is not precluded from recovery due to non-compliance with the terms of the policies.

52. Pursuant to Defendant Nationwide's policy/insurance contract and Colorado law, Plaintiff is authorized to obtain a determination in a court of law of the amount of benefits owed by Defendant Nationwide.

53. Defendant Nationwide has not paid any underinsured benefits to Plaintiff.

54. Plaintiff seeks through this claim to have a jury determine the amount of benefits to which he is entitled as a result of the negligence of Defendant Verschoor and to have such determination reduced to judgment in Plaintiff's favor and against Defendant Nationwide.

**FOURTH CLAIM FOR RELIEF IN THE ALTERNATIVE TO THE THIRD CLAIM FOR RELIEF**
*UM Benefits Against Defendant Nationwide*

55. The above paragraphs are incorporated herein by reference, except for allegations 49-55.

56. In the alternative to Plaintiff's Third Claim for Relief, Defendant Verschoor was uninsured at the time of the Incident.

57. The subject policy through Defendant Nationwide provided uninsured motorist coverage on the date of the Incident.

58. Pursuant to the policy, Defendant Nationwide is required to pay for all damages caused as a result of the Incident, up to Defendant Nationwide's policy limits.

59. Plaintiff has satisfied all conditions precedent under Defendant Nationwide's policies, and he is not precluded from recovery due to non-compliance with the terms of the policies.

60. Pursuant to Defendant Nationwide's policy/insurance contract and Colorado law, Plaintiff is authorized to obtain a determination in a court of law of the amount of benefits owed by Defendant Nationwide.

61. Defendant Nationwide has not paid any uninsured benefits to Plaintiff.

62. Plaintiff seeks through this claim to have a jury determine the amount of benefits to which he is entitled as a result of the negligence of Defendant Verschoor and to have such determination reduced to judgment in Plaintiff's favor and against Defendant Nationwide.

### FIFTH CLAIM FOR RELIEF
*Breach of Contract*

63. The above paragraphs are incorporated herein by reference, except for allegations 49-63.

64. The subject insurance policy through Defendant Nationwide was valid, in effect, and insured Plaintiff on the date of the Incident.

65. Defendant Verschoor was either uninsured or underinsured in accordance with Defendant Nationwide's policy.

66. The subject policy provided uninsured and underinsured motorist coverage on the date of the Incident.

67. The subject policy issued by Defendant Nationwide requires Defendant Nationwide to pay for Plaintiff's damages caused as a result of the Incident, up to Defendant Nationwide's policy limits.

68. Defendant Nationwide is liable for Plaintiff's damages stemming from the Incident.

69. Defendant Nationwide has breached its insurance policy contract by claiming that Plaintiff is not covered due to an impermissible worker compensation exclusion, which violates Colorado law and public policy if it is meant to apply to the Incident.

70. Defendant Nationwide has not paid any uninsured or underinsured benefits to Plaintiff.

71. Defendant Nationwide has damaged Plaintiff in failing to provide benefits to Plaintiff pursuant to its insurance policy contract that covers Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and in favor of Plaintiff, for damages alleged above in an amount to be determined at the time of trial, pre- and post-judgment interest from the date of the accident, costs, attorney fees, expert witness fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this May 6, 2021.

                                              SAWAYA, ROSE, MCCLURE & WILHITE, P.C.

                                              By: */s/ Robert E. Caldwell Jr.*
                                                    Robert E. Caldwell, Jr., Esq.
                                                    *This pleading was filed electronically pursuant to*
                                                    *Rule 121 § 1-26. Original signed pleading is on file*
                                                    *in counsel's office.*

**Plaintiff's Address:**
c/o Sawaya, Rose, McClure & Wilhite PC
1600 N. Ogden St.
Denver, CO 80128